## BARCLAY v. MAGNOLIA PETROLEUM CO.

No. 4431.

Court of Civil Appeals of Texas. Beaumont.

April 24, 1947.

Rehearing Denied May 21, 1947.

Gilbert T. Adams, of Beaumont, for appellant.

Lipscomb & Lipscomb, of Beaumont, for appellee.

MURRAY, Justice.

This is an appeal from a judgment of the district court of Jefferson county, entered upon an instructed verdict in favor of the appellee, Magnolia Petroleum Company.

Appellant Barclay was employed as a guard at the plant of the Magnolia Petroleum Company in Beaumont from February 17, 1942 until April 5, 1945. He brought suit against the appellee for overtime pay he alleged to be due him for each of the seventh of seven consecutive days of time he worked from April 16, 1943 to November 15, 1945. He had received overtime pay for the sixth day he worked during such period of time. He also sued for liquidated damages in an equal amount and attorney's fee of $500. The cause was tried before the court with a jury and at the conclusion of the appellant's evidence the court granted the appellee's motion for instructed verdict. He has duly perfected his appeal to this court.

Appellant's claim arises under provisions of the Federal Fair Labor Standards Act which appear in Sections 201 to 219, Title 29, U.S.C.A. Section 207 of the Act provides:

"No employer shall, except as otherwise provided in this section, employ any of his employees who is engaged in commerce or in the production of goods for commerce * * *

"(3) For a workweek longer than forty hours after the expiration of the second year from such date, unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

A bulletin issued by the Wage and Hour Division, the agency of the Department of Labor charged with the duty of administering the details of such Act, effective in 1940, contained the following:

"The 40-hour standard in Section 7(a) is a limitation upon the number of hours that may be worked in any workweek free of time and one-half overtime compensa-- tion. A workweek consists of seven consecutive days. It need not coincide with the calendar week but may begin on any day and at any time of any day. The beginning of the workweek may be changed if the change is intended to be permanent and not to evade the overtime requirements of the Act."

The Walsh-Healey Public Contracts Act, 41 U.S.C.A. § 35, provides as follows: "That no person employed by the contractor * * * shall be permitted to work in excess of eight hours in any one day or in excess of forty hours in any one week * * *."

By a bulletin in 1945 the Secretary of Labor issued the following rules and interpretations:

"The Act merely requires that persons directly connected with Government contract work shall not work more than 8 hours in any one day or 40 hours in any one week without receiving overtime compensation * * *.

"The term 'week' as used in the Act, and in these Rulings and Interpretations, means a workweek of 168 consecutive hours (i. e. seven consecutive 24-hour days) beginning at the same hour on the same calendar day each calendar week. The workweek may begin at any hour or day designated by the employer. While the workweek need not coincide with the calendar week, it is, like the calendar week, a fixed and regular recurring period. When one workweek ends another immediately begins."

The appellant, during the period sued for beginning April 16, 1943, began to work upon a schedule under which he had one day off from work each calendar week but would work the other six days of such calendar week and was paid overtime for such sixth day. Under this schedule, however, his day off from work was on a different day of each week. For instance, if his day off was on Monday of this week, it would be Tuesday of next week, Wednesday the following week, Thursday the following week, and so on throughout days of calendar week. The employer had designated its work week as beginning 12 o'clock Sunday night or 12:01 Monday morning, and ending 11:59 the Sunday night follow-

628

ing. It is undisputed in the evidence that the appellant under this plan worked as many as seven consecutive days and was not paid premium pay or overtime for such seventh consecutive day, but he did not so work without premium pay in any one work week. It is also established in the evidence, and the appellant testified to that effect himself, that he received overtime pay for the sixth day worked during any work week established by the appellee.

Appellant contends that this arrangement was a scheme and device on the part of the appellee by which the appellee sought to work an employee 40 hours in one work week and 40 hours in the next work week and thereby cause such employee to work 80 consecutive hours without any overtime compensation. He argues that this violates the spirit of the Fair Labor Standards Act and that an employee who thus works for seven consecutive days is entitled to overtime pay for the seventh such day, regardless of whether a portion of such days were worked in one work week and the other portion of such days in another work week.

We do not believe that the schedule of working days arranged for appellant by appellee should be condemned as a violation of the statutes involved. Under the construction given the statutes by the Labor Department, such a schedule was in full compliance with them. The right of the employer to establish a "work week" seems to be well settled. If the purpose and intent of the legislative body in these statutes was to prohibit the employer from working the employee seven consecutive days without paying the premium pay, it would have been a simple matter to have included such an express provision in the wording of the statutes. Such a provision is not included therein. We believe the cases of Harned v. Atlas Powder Co., 301 Ky. 517, 192 S.W.2d 378, by the Kentucky Court of Appeals, and Sloat v. Davidson Ore Mining Co., 71 F.Supp. 1010, by the U. S. District Court for the Western District of Michigan, announce the correct view of the question presented.

While the holdings of administrative bodies and boards are not binding upon the courts, they are persuasive and will be looked to for guidance by the courts in construing statutes which they have administered. See Skidmore v. Swift & Co., 323 U.S. 134, 65 S.Ct. 161, 89 L.Ed. 124, at page 129. We believe the construction given the statute by the Labor Department, as quoted above, is reasonable and we are in agreement therewith.

The judgment of the district court is affirmed.