CALYPSO ICE CREAM, INC., Petitioner

v.

GOVERNMENT OF THE VIRGIN ISLANDS, MELVILLE M.
STEVENS, Commissioner of Labor, and CLARICE A.
BRYAN, Assistant Commissioner of Labor,
Respondents

Civil No. 177-1966

District Court of the Virgin Islands

Div. of St. Thomas and St. John

April 12, 1967

*See, also, 266 F.Supp. 412*

DUDLEY, HOFFMAN & GRUNERT (Attorney RICHARD GRU-
NERT), Charlotte Amalie, St. Thomas, Virgin Islands,
 for appellant

A. ROBERT PFEFFER (Assistant Attorney General), Char-
lotte Amalie, St. Thomas, Virgin Islands, for respondents

GORDON, District Judge

### MEMORANDUM OPINION

The above parties stipulated to the facts and to the sub-
mission of this Writ of Review without oral argument.
This case was submitted on March 6, 1967.

ISSUE: Whether the following language of Title 24,
Virgin Islands Code § 20 ". . . No such employer shall
employ an employee for (1) a workweek longer than 6
days, . . ." should be interpreted as meaning that where an
employee receives as a regular pattern of workday assign-
ments the first day off in what his employer designates as
a workweek and the last day off in what his employer
designates the next workweek (each workweek so desig-
nated consisting of seven consecutive days and six work-
days) that the employee should be paid 1 1/2 times his
regular wages beginning on the 7th consecutive workday
until his next day off.

█ Respondent argues that since administrative inter-
pretations should be given great weight in the interpreta-
tions of laws pertaining to that administrative body so
ought this administrative interpretation. The theory of law
asserted is sound. However, said interpretations are not
controlling in the courts. Harned et al. v. Atlas Powder Co.
(1946), 301 Ky. 517, 192 S.W.2d 378.

█ Appellant asserts that the legislative history of the
section in issue shows it stems from the Federal Fair
Labor Standards Act. That a similarity exists and that the
said Federal Act and the Act in issue should be construed

in the same manner was propounded by the United States Attorney in 1 V.I.Op.A.G. 303 when he stated:

". . . It is to be noted that the Federal Act, like the local law, defines 'employ' as 'to suffer, or permit to work'."

". . . In the light of the foregoing, especially in view of the similarities between the Federal Fair Labor Standards Act and our local Wage and Hour Ordinance, it is my opinion (1) That the overtime compensation provisions of the latter law should be construed in the same manner as the Federal law; . . . ."

The cases cited by Appellant leave little doubt but that under the Federal Fair Labor Standards Act both the Courts and the Secretary of Labor hold that an employer will not have to pay 1 1/2 nor double time under circumstances similar to this case. Sloat et al. v. Davidson Ore Mining Co., et al. (1942), 71 F.Supp. 1010, Harnet et al. v. Atlas Powder Co., supra, Barclay v. Magnolia Petroleum Co. (1947), 203 S.W.2d 626.

■ Based upon the foregoing the Court would find for the Appellant. However, in viewing the language of Section 20 the Court can find no ambiguous language even requiring an inquiry into the legislative history. The Legislature limited the workweek to a maximum of 6 days containing a maximum of 40 hours. The section itself contains no language remotely suggesting that the workdays and day off shall fall on the same day each workweek nor that an employee should receive additional compensation for working seven or more consecutive days.

". . . If the purpose and intent of the legislative body in these statutes was to prohibit the employer from working the employee seven consecutive days without paying the premium pay, it would have been a simple matter to have included such an express provision in the wording of the statutes. Such a provision is not included therein."

Barclay v. Magnolia Petroleum Co., supra.

Judgement will be granted to the Appellant.