**CALYPSO ICE CREAM, INC., Petitioner,**

v.

**GOVERNMENT OF the VIRGIN ISLANDS, Melville M. Stevens, Commissioner of Labor, and Clarice A. Bryan, Assistant Commissioner of Labor, Respondents.**

**Civ. No. 177–1966.**

District Court, Virgin Islands, D. St. Thomas and St. John.

April 12, 1967.

Dudley, Hoffman & Grunert, by Richard Grunert, Charlotte Amalie, V. I., for petitioner.

A. Robert Pfeffer, Asst. Atty. Gen., for respondents.

## MEMORANDUM OPINION

WALTER A. GORDON, District Judge.

The above parties stipulated to the facts and to the submission of this Writ of Review without oral argument. This case was submitted on March 6, 1967.

ISSUE: Whether the following language of Title 24, Virgin Islands Code § 20 " * * * No such employer shall employ an employee for (1) a workweek longer than 6 days, * * * " should be interpreted as meaning that where an employee receives as a regular pattern of work day assignments the first day off in what his employer designates as a work week and the last day off in what his employer designates the next work week (each work week so designated consisting of seven consecutive days and six work days) that the employee should be paid 1½ times his regular wages beginning on the 7th consecutive work day until his next day off.

Respondent argues that since administrative interpretations should be

given great weight in the interpretations of laws pertaining to that administrative body so ought this administrative interpretation. The theory of law asserted is sound. However, said interpretations are not controlling in the courts. Harned et al. v. Atlas Powder Co. (1946) 301 Ky. 517, 192 S.W.2d 378.

Appellant asserts that the legislative history of the section in issue shows it stems from the Federal Fair Labor Standards Act. That a similarity exists and that the said Federal Act and the Act in issue should be construed in the same manner was propounded by the United States Attorney in 1 VI Op.A.G. 303 when he stated:

"* * * It is to be noted that the Federal Act, like the local law, defines 'employ' as 'to suffer, or permit to work'."

"* * * In the light of the foregoing, especially in view of the similarities between the Federal Fair Labor Standards Act and our local Wage and Hour Ordinance, it is my opinion (1) That the overtime compensation provisions of the latter law should be construed in the same manner as the Federal law; * * *."

The cases cited by Appellant leave little doubt but that under the Federal Fair Labor Standards Act both the Courts and the Secretary of Labor hold that an employer will not have to pay 1½ nor double time under circumstances similar to this case. Sloat et al. v. Davidson Ore Mining Co., et al. (D.C.1942) 71 F.Supp. 1010; Harned et al. v. Atlas Powder Co., supra; Barclay v. Magnolia Petroleum Co. (Tex.Civ.App.1947) 203 S.W.2d 626.

 Based upon the foregoing the Court would find for the Appellant. However, in viewing the language of Section 20 the Court can find no ambiguous language even requiring an inquiry into the legislative history. The Legislature limited the work week to a maximum of 6 days containing a maximum of 40 hours. The section itself contains no language remotely suggesting that the work days and day off shall fall on the same day each work week nor that an employee should receive additional compensation for working seven or more consecutive days.

"* * * If the purpose and intent of the legislative body in these statutes was to prohibit the employer from working the employee seven consecutive days without paying the premium pay, it would have been a simple matter to have included such an express provision in the wording of the statutes. Such a provision is not included therein."

Barclay v. Magnolia Petroleum Co., supra.

Judgment will be granted to the Appellant.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

The above entitled matter having been scheduled to come on for hearing on March 6, 1967, and the parties having previous to said hearing stipulated to the facts of this case by stipulation dated February 14, 1967; and having submitted this case upon said facts; and the parties by stipulation of February 16, 1967 having submitted this case to this Court by briefs; and having waived oral argument; and the Court having approved said procedure by its order of February 16, 1967; now, therefore, I, Walter A. Gordon, District Court Judge, do hereby make the following

### FINDINGS OF FACT

1. The petitioner, Calypso Ice Cream, Inc. (herein called the "employer") is a corporation duly organized and existing under the laws of the Virgin Islands and is engaged in business therein.

2. The respondents are the Government of the Virgin Islands and Melville M. Stevens, Commissioner of Labor; Clarice A. Bryan is no longer employed in the position which she held at the time of the events herein and this proceeding may be dismissed as to her individually.

3. At all times pertinent to this proceeding, the employer among other

things, operated restaurants in St. Thomas, Virgin Islands, and employed workers in such restaurants, and in connection with such employment the employer was subject to the provisions of Chapter 1 (§§ 1–23) of Title 24 of the Virgin Islands Code relating to wages and hours (vol. 4, pp. 159–175; 1966 supp. pp. 29–33.)

4. Under 24 V.I.C. § 3 (as amended by Act No. 1343 § 6 approved March 17, 1965), the Commissioner of Labor is designated as the official responsible for administering the provisions of said Chapter 1.

5. For purposes of computing all of its employees' wages, including the wages of the restaurant employees involved in this proceeding, the employer used a seven-day period beginning each Friday morning at midnight and ending the next Thursday night at midnight. This Friday-through-Thursday pay period was used consistently by the employer at all times pertinent to this proceeding, and had been used by the employer for sometime prior thereto.

6. Beginning in February 1966, a number of restaurant employees of the employer began to work on the following basis:

(a) During the first Friday-through-Thursday pay period applicable to a given employee, he would have Friday and Saturday as days off and would then work on Sunday, Monday, Tuesday, Wednesday and Thursday.

(b) During the second Friday-through-Thursday pay period, he would continue to work on Friday, Saturday, Sunday, Monday, and Tuesday and would then have Wednesday and Thursday as days off.

(c) During the third Friday-through-Thursday pay period, he would continue to have Friday and Saturday as days off and would then work Sunday, Monday, Tuesday, Wednesday, and Thursday.

(d) During the fourth Friday-through-Thursday pay period, he would continue to work on Friday, Saturday, Sunday, Monday, and Tuesday and would then have Wednesday and Thursday as days off.

(e) The same alternative pattern of days off and days worked continued through subsequent Friday-through-Thursday pay periods.

Thus, in practice, the employee would work ten consecutive days and then get four consecutive days off.

7. Section 20 of Title 24 of the Virgin Islands Code (Vol. 4, 1966 supp. p. 32) reads as follows:

"(a) No employer shall employ any of his employees for (1) a workweek longer than five days, (2) longer than a total of 40 hours in said workweek, unless otherwise provided for pursuant to section 6(e) of this title, or (3) for a workday longer than 8 hours, unless such employee receives compensation for his employment in excess of such daily or weekly hours or number of days in the week, whichever excess is calculated to give the employee the greatest compensation, at a rate not less than 1½ times the regular rate at which he is employed.

"(b) Notwithstanding subsection (a) of this section, an employer in either a tourist service or a restaurant industry may employ an employee in excess of 5 days, provided, however, that such employee is employed for not less than a total of 40 hours in such week. No such employer shall employ an employee for (1) a workweek longer than 6 days, (2) longer than a total of 40 hours in such workweek, unless otherwise provided for pursuant to section 6(e) of this title, or (3) for a workday longer than 8 hours, unless the employee receives compensation for his employment in excess of such daily or weekly hours or number of days in the week, whichever excess is calculated to give the employee the greatest compensation at a rate not less than 1½ times the regular rate at which he is employed.

"(c) Except in the case of either a tourist service or a restaurant industry, whenever an employee is regularly

required to work on more than one shift, all of which fall within one calendar day, and the interval between such shifts exceeds two hours, the employer shall pay compensation to the employee at the regular rate for the period of such interval in excess of two hours. The provisions of this paragraph shall not affect the payment of overtime compensation when such payment is otherwise applicable."

8. The employer is in the restaurant industry and therefore the exceptions to the general requirements of § 20(a) as set forth in § 20(b) and (c), are applicable.

9. For the purposes of this proceeding, there is no issue involving failure to pay the required minimum basic wage rate to the employees in question.

10. The employer did not establish the above-described schedule to evade the overtime requirements of the law and that, if the employer's interpretation of the statute is correct, the employer did not thereby violate the overtime provisions of the Virgin Islands Code.

11. Based on an opinion of the Attorney General (attached to the Return of Writ in this proceeding), the Department of Labor, acting through one of its duly authorized Officers and agents, sent a letter to the employer which stated, among other things:

"Employees of Calypso Ice Cream, Inc. must be paid overtime compensation for

"1. all hours worked in excess of 8 hours in any day, or

"2. all hours worked in excess of 40 hours during any period of seven consecutive days, or

"3. all hours worked on the last day of any period of seven consecutive days."

For purposes of this proceeding, this letter constitutes an order of the Commissioner of Labor.

And I hereby find as

## CONCLUSIONS OF LAW

1. That this Court has jurisdiction over the parties and subject matter herein.

2. That Title 24 Virgin Islands Code § 20 does not require an employer to pay overtime wages to its employees solely because said employees have worked for a period of seven or more consecutive days.

3. That pursuant to paragraph 2 of these conclusions of law, the appellant-employer is not liable for overtime wages to its employees solely because said employees worked for a period of seven or more consecutive days; and further, that all administrative rulings and orders to the contrary are declared void.

Let judgment be entered accordingly.